In re Walter B. MIZELL, Jr., and Stephanie C. Mizell, Debtors.

First Franklin Financial, Movant,

v.

Walter B. Mizell, Jr., and Stephanie C. Mizell, Respondents.

No. 00–50270–JDW.

United States Bankruptcy Court, S.D. Georgia, Waycross Division.

Oct. 13, 2000.

Jeffrey D. Garmon, Strickland & Garmon, Waycross, GA, for Movant.

Franklin D. Hayes, Douglas, GA, for Defendants.

Sylvia Ford Brown, Savannah, GA, for Chapter 13 Trustee.

CONTESTED MATTER

JAMES D. WALKER, Jr., Bankruptcy Judge.

### MEMORANDUM OPINION

This matter comes before the Court on the objection of creditor First Franklin Financial ("Franklin") to confirmation of the Chapter 13 plan proposed by Walter B. and Stephanie C. Mizell ("Debtors"). This is a core matter within the meaning of 28 U.S.C. § 157(L). After considering the pleadings, evidence and applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtors' proposed plan lists Franklin as the holder of an unsecured claim for $1491.36. Franklin objects to Debtors' treatment of its claim, alleging that it has a "valid secured claim in the amount of $1491.35 secured by a lien on an automobile and personal property for which the lien is not avoidable, which has a value which equals or exceeds the claim amount." (Franklin Obj. Conf. ¶ 2). Onyx Acceptance Corporation ("Onyx") has a $13,729.51 claim secured by a first lien on the automobile in question, a 1997 Nissan. Debtors' plan assigns the automobile a $10,000.00 value for plan confirmation purposes, and proposes to bifurcate Onyx's claim into a secured claim for $10,000.00 and an unsecured claim for $3729.51. Onyx has not objected to the plan, and Debtors' proposed their plan in good faith. Debtors are using all of their disposable income, as defined in Section 1325(b)(2), to make plan payments.

At the confirmation hearing, Franklin wanted to prove that the automobile's value is $20,000.00, an amount that would

require Debtors' to treat Franklin's claim as wholly secured. The automobile is not worth $20,000.00, and Franklin agreed with Debtor at the hearing to stipulate that the automobile is worth $11,000.00 rather than $10,000.00. The Court is thus left with the question as to the proper disposition of the automobile's additional value.

## Conclusions of Law

■ Neither the Code nor the case law specifically addresses the question this case presents. If this were Onyx's objection, the answer would be simple. The Court would not confirm Debtors' plan unless they modified it to afford Onyx a secured claim for $11,000.00. Onyx did not raise the objection, however, and the inequity of giving Onyx the benefit of Franklin's diligence is patent.

The Court could dispose of the automobile's additional in value in one of three ways. First, the Court might increase Onyx's secured claim to $11,000.00 based on the evidence of valuation as it would if Onyx had filed the objection. Second, the Court might simply deny Franklin's objection and confirm the plan as proposed with no increase in payments to reflect the increased valuation. Finally, the Court might require Debtors to modify their plan to propose a $1000.00 secured claim for Franklin as a condition of confirmation. The Court will discuss each of these possibilities in turn, and will adopt the third as most consistent with both the language of the Code, and with the conscience of equity.

### A. Increase Onyx's secured claim to $11,000.00

If the Court required Debtors to provide Onyx with a secured claim in the amount of $11,000.00 rather than $10,000.00, it might put Debtors' express desire into effect that "undersecured creditors shall be treated as secured only to [and presumably 'up to'] the value of their interest in collateral[.]" (Plan ¶ 2.(c)). If not for Franklin's objection, however, the Court would have confirmed Debtors' plan as proposed because Debtors' valuation of the automobile at $10,000.00 is reasonable, even though evidence shows that such value is $1000.00 less than the automobile's actual replacement value. A secured creditor is not obliged to undertake legal action to obtain the highest amount possible for its secured claim. Some courts accordingly deem secured creditors to accept the treatment afforded them pursuant to Section 1325(a)(5)(A) if they raise no objection to the Chapter 13 debtor's plan, and in some districts such is mandated by the local rules. *See* 8 King, *Collier on Bankruptcy* ¶ 1325.06[2], pp. 1325–27 to 1325–28; *see also* 4 King, *Collier on Bankruptcy* ¶ 506.03[9][b], pp. 506–98 to 506–99 (courts favor parties' agreement on collateral's value if no overreaching, fraud, bad faith, or prejudice to the rights of third parties is manifest).[1]

■ Requiring Debtors to afford Onyx an $11,000.00 secured claim, while denying Franklin the benefit of its diligence, is not an appealing solution to the question. Onyx has remained silent, and the Court should not give it the benefit of Franklin's efforts. Accordingly, the Court will not

---

1. In order for a plan to be filed in good faith, valuations must be reasonable. Such reasonable valuations will vary and will be subject to adjustment upon proof. When values are shown to be unreasonable, such as in the case of a "low ball" or nominal valuation, the court will decline to confirm the case, even when a debtor offers to substitute a reasonable valuation. A debtor must make reasonable valuations in the first instance, as Debtor did in this case, if plans are to be regarded as having been filed in good faith.

require Debtors to propose that Onyx should have an $11,000.00 secured claim. Onyx will be deemed to have agreed that the automobile is worth $10,000.00, and to have accepted the terms of Debtors' plan.

### B. *Deny Franklin's objection; confirm plan as proposed*

The second possibility is that the plan should be confirmed as proposed. The factual allegation that Onyx is an oversecured creditor underlies Franklin's objection, but Franklin has not proved that the automobile is worth more than the full amount of Onyx's claim. Thus, perhaps Franklin's objection should be denied and, with no other objections pending, Debtors' plan should be confirmed.

It does not seem appropriate, however, for the Court to ignore Franklin's demonstration that the automobile is worth $11,000.00. It is inconsistent to accept Franklin's evidence proving Onyx is oversecured, while rejecting evidence proving, at the same time, that the automobile is worth less than the Onyx claim. Franklin is a party in interest entitled to object to confirmation pursuant to Section 1324, and the Court will not ignore a fact proved at the confirmation hearing by such a party.

The Court will not confirm the plan as proposed. If it did, then, pursuant to Section 1327(b), the automobile's additional value would vest in debtor upon confirmation of the plan, and such value would be free and clear of Franklin's security interest pursuant to Section 1327(c). It is no more appropriate to allow Debtors the benefit of the automobile's additional value than to allow Onyx the benefit of such additional value when Franklin, a creditor holding a valid security interest, has made the effort to prove that such value exists.

### C. *Allow Franklin Secured Status for $1000.00 claim*

The Court will confirm Debtors' plan only if it proposes to afford Franklin a secured claim for $1000.00. Of the possible resolutions available to the Court, this is the one most in keeping with the equitable principle of allowing a party the benefit of its own diligence where the law does not require otherwise. This is also the holding most consistent with, though not specifically in accord with or opposed to, the Code's provisions.

As stated *supra*, if no party raised an objection to confirmation of Debtors' plan, the Court would confirm the plan as proposed. Onyx's silence must be deemed to indicate agreement as to the automobile's value, acceptance of the plan's terms, or both. It follows that, by its silence, Onyx effectively eases its lien on the automobile's additional value to the estate, and that, upon confirmation, all interest in such value would vest either in Debtors pursuant to Section 1327, or to some other party pursuant to some other claim or lien.

Franklin's objection stands between Onyx's silence and the interest Debtors might otherwise obtain in the automobile's additional value pursuant to Section 1327(b). Prior to confirmation, Franklin has an interest in the interest that the estate holds in property subject to Franklin's lien pursuant to Section 506(a). Thus, because the estate has a $1000.00 interest in the automobile, Franklin's allegation is logically correct. Because Onyx has effectively declined any interest that it otherwise would have had in the automobile's value greater than $10,000.00, such value is available to support Franklin's secured claim.

Accordingly, Franklin's objection to confirmation will be granted subject to Debtors' right to file a modification of their plan to treat Franklin as a secured credi-

tor holding a secured claim in the amount of $1000.00.

An order in accordance with this opinion will be entered on this date.

*ORDER*

In accordance with the memorandum opinion entered on this date it is hereby

ORDERED that the objection of First Franklin Financial to confirmation of Debtors claim is GRANTED, and it is hereby further

ORDERED that this case will be dismissed unless Debtors propose a modification of their plan within 10 days of the entry of this Order proposing to allow First Franklin a secured claim in the amount of $1000.00.

